**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| BORIS ZATS, AMIR GUPTA, AND FRANK RUFFOLO, *Individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware limited liability company,<br><br>Defendants. | Civil Action No.: 2:25-cv-13709<br><br>**OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the motion to compel arbitration (ECF No. 6) filed by Defendant Jaguar Land Rover North America ("JLRNA").  Plaintiffs Boris Zats, Amir Gupta, and Frank Ruffolo individually and on behalf of all others similarly situated (collectively "Plaintiffs"), filed an opposition to the motion.  ECF Nos. 27 and 28[1] ("Opp.").  Defendants filed a reply.  ECF No. 29 ("Reply").  The Court decides this motion without oral argument pursuant to Fed. R. Civ. P. 78(b).  For the reasons set forth below, Defendant's motion is denied without prejudice.

**WHEREAS** this case arises out of certain alleged brake issues on vehicles sold by JLRNA.  *See generally* ECF No. 1 ("Compl.").  Plaintiff Boris Zats is a New York resident who purchased a 2023 Land Rover Range Rover SE at Jaguar Land Rover Manhattan in October 2022.  *Id.* ¶¶ 6–7.  Plaintiff Amir Gupta is a California Resident who purchased a 2023 Land

---

[1] Plaintiffs' initial opposition brief and exhibits were filed as ECF No. 27.  Plaintiffs refiled their brief in opposition as ECF No. 28 due to a formatting issue.  The Court will reference ECF No. 28.

Rover Range Rover Autobiography from Marin Luxury Cars in Corte Madera, California in December 2022. *Id.* ¶¶ 11–12. Plaintiff Frank Ruffolo is an Illinois resident who purchased two 2023 Land Rover Range Rovers from Howard Orloff Imports in Chicago in September and December 2022. *Id.* ¶¶ 17–18. Defendant Jaguar Land Rover North America is a Delaware limited liability company engaged in the design, manufacture, distribution, warranting, and selling of Jaguar and Land Rover vehicles across the United States. *Id.* ¶¶ 22–23. The crux of Plaintiffs' allegations is that Defendant sold Plaintiffs vehicles with defective brakes forcing Plaintiffs to "pay for repairs caused solely by the vehicles' inherent defective condition." *Id.* ¶¶ 2–3; 38–40; and

**WHEREAS** Plaintiffs filed their putative class action complaint on July 24, 2025. *See* Compl. Plaintiffs, on behalf of themselves and those similarly situated, bring claims for: (1) violation of the Magnuson-Moss Warranty Act; (2) violation of New York's deceptive acts or practices and false advertising statutes; (3) breach of express warranty under New York law; (4) breach of implied warranty of merchantability under New York law; (5) violation of California's Consumer Legal Remedies Act; (6) violation of the California Song-Beverly Consumer Warranty Act; (7) violation of California's Unfair Business Practices Act; (8) breach of the covenant of good faith and fair dealing under California law; (9) breach of implied warranty of merchantability under Illinois law; and (10) violation of the Illinois Consumer Fraud and Deceptive Practices Act. *Id.* ¶¶ 75–196. On August 19, 2025, Defendants filed the instant motion to compel arbitration and stay the case pursuant to 9 U.S.C. § 1, et seq. ECF No. 6; ECF No. 6-1 ("Def. Br."). Plaintiffs filed an opposition on October 1, 2025 (*See* Opp.) and Defendants replied on October 14, 2025 (*See* Reply); and

**WHEREAS** Defendants assert that compelling arbitration is proper because Plaintiffs assented to a binding agreement with Defendants containing a valid, enforceable arbitration clause, which covers the claims asserted in Plaintiffs' complaint. Def. Br. at 1–2. Specifically, Defendant invokes the binding arbitration clause found in the New Vehicle Limited Warranty ("NVLW"). *Id.* at 3. Defendant contends that Plaintiffs agreed to the clause by using their vehicles, obtaining repairs covered by the NVLW, and failing to opt out of arbitration. *Id.* at 4–5. The NVLW's arbitration provision provides:

> that any dispute between the vehicle owner and JLRNA related to or arising out of your vehicle purchase, advertising for the vehicle, use of your vehicle, the performance of the vehicle, any service relating to the vehicle, the vehicle warranty, representations in the warranty, or the duties contemplated under the warranty, including without limitation claims related to false or misleading advertising, unfair competition, breach of contract or warranty, the failure to conform a vehicle to warranty, failure to repurchase or replace your vehicle, or claims for a refund or partial refund of your vehicle's purchase price (excluding personal injury claims), but excluding claims brought under the Magnuson-Moss Warranty Act, shall be resolved by binding arbitration at either your or our election, even if the claim is initially filed in a court of law.

*Id.* at 3–4. The arbitration provision further contains a clause stating:

> IF YOU PURCHASED OR LEASED YOUR VEHICLE IN THE UNITED STATES, YOUR WARRANTY IS MADE SUBJECT TO THE TERMS OF THIS BINDING ARBITRATION PROVISION. BY USING THE VEHICLE, OR REQUESTING OR ACCEPTING BENEFITS UNDER THIS WARRANTY, INCLUDING HAVING ANY REPAIRS PERFORMED UNDER WARRANTY, YOU AGREE TO BE BOUND BY THESE TERMS. . . . IF YOU DO NOT AGREE WITH THESE TERMS, PLEASE CONTACT US AT ARBITRATION-OPT-OUT@JAGUARLANDROVER.COM AND PROVIDE YOUR VEHICLE IDENTIFICATION NUMBER (VIN) WITHIN THIRTY (30) DAYS OF YOUR PURCHASE OR LEASE TO OPT-OUT OF THIS ARBITRATION PROVISION.

*Id.* at 4–5; and

**WHEREAS** in opposition, Plaintiffs contend that they had no notice of this provision and therefore they did not assent to it at the time of sale or when they received repairs under the warranty. Opp. at 1–2. Specifically, Plaintiffs argue that JLRNA did not provide documents related to the arbitration agreement or disclose the agreement at the time of sale. *Id.* at 18.

3

Plaintiffs further argue that they had no notice because the arbitration provision is "buried" on pages 523–525 of the vehicle's handbook. *Id.* at 19.

**WHEREAS** the Federal Arbitration Act ("FAA") reflects the strong federal policy in favor of arbitration and "places arbitration agreements on equal footing with all other contracts." *Bacon v. Avis Budget Grp., Inc.*, 959 F.3d 590, 599 (3d Cir. 2020) (quoting *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 443 (2006)). Pursuant to the FAA, courts "compel arbitration of claims covered by a written, enforceable arbitration agreement." *Id.* (citing 9 U.S.C. §§ 3, 4). Yet despite the strong presumption of arbitrability, "[a]rbitration is strictly a matter of contract" and thus is governed by state law. *Bel-Ray Co. v. Chemrite (Pty) Ltd.*, 181 F.3d 435, 441, 444 (3d Cir. 1999) ("If a party has not agreed to arbitrate, the courts have no authority to mandate that he do so."). Accordingly, when deciding whether to compel arbitration under the FAA, the Court must determine "(1) whether there is a valid agreement to arbitrate between the parties and, if so, (2) whether the merits-based dispute in question falls within the scope of that valid agreement." *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014) (internal citation omitted); and

**WHEREAS** however, in determining whether a valid arbitration agreement exists between the parties, the Court must first decide whether to apply the Rule 12(b)(6) or Rule 56 standard of review. *Sanford v. Bracewell & Guiliani, LLP*, 618 F. App'x 114, 117 (3d Cir. 2015). The Court will review a motion to compel arbitration under the Rule 12(b)(6) standard "when it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause . . . .'" *Guidotti v. Legal Helpers Debt Resolution, LLC*, 716 F.3d 764, 776 (3d Cir. 2013) (citation omitted); *see also MZM*

4

*Construction Co., Inc. v. N.J. Building Laborers Statewide Benefits Fund*, 974 F.3d 386, 406 (3d Cir. 2020); and

**WHEREAS** conversely, the Rule 56 standard will apply "when either 'the motion to compel arbitration does not have as its predicate a complaint with the requisite clarity' to establish on its face that the parties agreed to arbitrate, or the opposing party has come forth with reliable evidence that is more than a 'naked assertion . . . that it did not intend to be bound' by the arbitration agreement, even though on the face of the pleadings it appears that it did." *Guidotti*, 716 F.3d at 774 (citations omitted); *see Noonan v. Comcast Corp.*, No. 16-458, 2017 WL 4799795, at *4 (D.N.J. Oct. 24, 2017) ("[Thus], a Rule 12(b)(6) standard is not appropriate because the motion cannot be resolved without consideration of evidence outside the pleadings, and, if necessary, further development of the factual record."). Accordingly, "any time the court must make a finding to determine arbitrability, pre-arbitration discovery may be warranted." *Young v. Experian Info. Sols., Inc.*, 119 F.4th 314, 319 (3d Cir. 2024) (quoting *Guidotti*, 716 F.3d at 774 n.5); *see also Guidotti*, 716 F.3d at 774 ("Under the first scenario, arbitrability not being apparent on the face of the complaint, the motion to compel arbitration must be denied pending further development of the factual record. . . . Under either of those scenarios, a 'restricted inquiry into factual issues' will be necessary to properly evaluate whether there was a meeting of the minds on the agreement to arbitrate."). "After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under [the Rule 56] summary judgment standard." *Guidotti*, 716 F.3d at 776; and

**WHEREAS** the arbitration agreement is not mentioned in, or attached to, the Complaint and the arbitration agreement is cited and submitted into the record for the first time in Defendant's motion. Therefore, it is not clear on the face of the Complaint that the parties

5

agreed to arbitration.  Thus, because the motion cannot be resolved without consideration of evidence outside the pleadings "it would be inappropriate to apply the Rule 12(b)(6)" standard and Rule 56 applies here.  *Carroll v. Hyundai Motor Am. (Corp.)*, No. 2:23-CV-01164, 2024 WL 776544, at *3 (D.N.J. Feb. 26, 2024); and

**WHEREAS** Plaintiffs' opposition to the motion presents more than "a naked assertion" that they did not intend to be bound by the arbitration agreement and raises a "genuine dispute of material fact." *Young*, 119 F.4th at 319–20.  Plaintiffs present signed declarations that they were not informed about, did not know about, did not sign, and did not agree to the arbitration provisions.  *See* ECF No. 27-2; 27-3; 27-4.  That is, they did not receive or have access to the handbook before or during their purchase, the arbitration provision was never presented or disclosed to Plaintiffs as a term or condition of their purchase, and they were never advised or informed of a right to opt-out of the provision.  *Id.*; and

**WHEREAS** the Third Circuit has explained, a "motion to compel arbitration must be denied pending further development of the factual record," in scenarios such as this one. *Guidotti*, 716 F.3d at 774; *see, e.g.*, *Barclays Servs., LLC v. Ademuwagun*, No. 23-20798, 2024 WL 2815047, at *6 (D.N.J. June 3, 2024) (denying a motion to compel arbitration and ordering limited discovery where the non-moving party "unequivocally denie[d] ever signing" the arbitration agreement); *Corchado v. Foulke Mgmt. Corp.*, No. 15-6600, 2017 WL 627427, at *3 (D.N.J. Feb. 15, 2017) (denying a motion to compel arbitration and ordering limited discovery where the non-moving party submitted sworn declarations stating that their signatures on the contract were procured by fraud); *McCoy v. Pan Am. Grp.*, No. 21-389, 2021 WL 2529789, at *2 (W.D. Pa. June 21, 2021) (denying a motion to compel arbitration and ordering limited discovery where the non-moving party presented facts indicating that she had neither seen nor signed the arbitration agreement).

Accordingly, the Court will deny Defendant's motion without prejudice and will order the parties to conduct limited discovery on the issue of arbitrability. Thereafter, Defendant may file a renewed motion to compel arbitration, which the Court will review under the Rule 56 standard.

Accordingly, **IT IS** on this 27th day of March, 2026;

**ORDERED** that Defendant's motion to compel arbitration (ECF No. 6) is **DENIED** without prejudice; and it is further

**ORDERED** that the parties shall conduct limited expedited discovery on the issue of arbitrability.

**SO ORDERED**.

*s/ Claire C. Cecchi*

**CLAIRE C. CECCHI, U.S.D.J.**